

**Angela R. Vicari**
+1 212.836.7408 Direct
Angela.Vicari@apks.com

November 16, 2017

**VIA ECF**

The Honorable Joan M. Azrack
United States District Court Eastern District of
New York
Long Island Courthouse
100 Federal Plaza
Courtroom 920
Central Islip, NY 11722

      Re:    *McFadden-Brown v. Boston Scientific Corporation*, No. 2:17-cv-06552-JMA-AYS

Dear Judge Azrack:

      Pursuant to Your Honor's Individual Rules, defendant Boston Scientific Corporation ("Boston Scientific") respectfully requests that Your Honor schedule a pre-motion conference on a motion to dismiss the Complaint of plaintiff Dolores McFadden-Brown ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

      This is a product liability action arising out of Plaintiff's 2008 implantation with a Boston Scientific Greenfield™ Vena Cava Filter (the "Greenfield Filter"). The Greenfield Filter is a medical device designed to prevent pulmonary embolism. It is inserted into a patient's inferior vena cava ("IVC"), a large vein in the abdomen that returns blood from the lower body to the heart. Unlike certain other IVC filters available on the market, the Greenfield Filter is not retrievable; it is a permanent implant that works by trapping and filtering clots that form in the lower portions of the body and stops them from moving up to the heart and lungs.

      Plaintiff alleges that on September 26, 2008 she was hospitalized for deep vein thrombosis ("DVT") and implanted with a Greenfield Filter at North Shore University Hospital in Manhasset, New York. The Complaint lacks any allegation that Plaintiff's Greenfield Filter failed to protect her from a pulmonary embolism. Instead, the Complaint alleges injuries that Plaintiff describes in conclusory fashion as "severe,"

ARNOLD & PORTER
KAYE SCHOLER

The Honorable Joan M. Azrack
November 16, 2017
Page 2

"permanent," "personal" and/or "physical." The nature of those injuries is unclear. The Complaint indicates that that Plaintiff was again diagnosed with DVT on or about June 4, 2016 at New York Presbyterian Hospital, but stops short of alleging that her second DVT was caused by a defect in the Greenfield Filter that had been implanted eight years earlier. Plaintiff also speculates that she is "at risk of" and "more susceptible to" certain other injuries that she does not allege to have experienced, many of which are warned of in the Greenfield Filter Directions For Use.

Plaintiff asserts 11 causes of action under New York law—strict liability (manufacturing defect, design defect and failure to warn), negligence, breach of warranty (express and implied), fraudulent misrepresentation and concealment, negligent misrepresentation and violation of Sections 349 and 350 of the New York General Business Law ("GBL"). Each of the 11 claims is riddled with deficiencies and fails to satisfy minimum pleading standards pursuant to the United States Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Pursuant to *Iqbal* and *Twombly*, a complaint must provide "'fair notice' of the nature of the claim" and the "'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555 n.3. Complaints that do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added). Thus, a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id*. at 679; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).

Here, Plaintiff's prolix, yet uninformative, Complaint consists of legal conclusions and is devoid of factual content to support the alleged claims. Critically absent from the Complaint is a plausible allegation of injury caused by the Greenfield Filter. The Complaint also fails to plead any plausible factual content concerning a defect in manufacture or design of the Greenfield Filter; nor does the Complaint identify

64878964



The Honorable Joan M. Azrack
November 16, 2017
Page 3

an actionable defect in the warnings that accompanied Plaintiff's Greenfield Filter. Following *Twombly* and *Iqbal*, federal courts in New York have routinely dismissed complaints in products liability actions that contain nothing more than speculation, conclusory statements and threadbare recitals of the elements of causes of actions.[1] The same result is warranted here.

      We respectfully request a pre-motion conference to set a briefing schedule for Defendants' motion to dismiss.

                                 Respectfully,

                                 ARNOLD & PORTER
                                 KAYE SCHOLER LLP


                                 By /s/ Angela R. Vicari
                                     Angela R. Vicari
                                     Partner

cc:    Debra Humphrey (*Via ECF*)

---

[1] *See, e.g.*, *Rincon v. Covidien*, No. 16-cv-10033(JMF), 2017 WL 2242969 (S.D.N.Y. May 22, 2017); *Adams v. Stryker Orthopaedics*, No. 15-cv-7098(VB), 2016 WL 2993213 (S.D.N.Y. May 23, 2016); *Ortiz v. Allergan, Inc.*, No. 14-cv-8188(PAC), 2015 WL 5178402 (S.D.N.Y. Sept. 4, 2015); *Rodman v. Stryker Sales Corp.*, No. 14-cv-1102(JMF), 2014 WL 5002095 (S.D.N.Y. Oct. 7, 2014), *aff'd* 604 Fed. Appx. 81 (2d Cir. May 21, 2015); *Bertini v. Smith & Nephew, Inc.*, 13-cv-0079(BMC), 2013 WL 6332684 (E.D.N.Y. July 15, 2013); *Goldin v. Smith & Nephew, Inc.*, No. 12-cv-9217, 2013 WL 1759575 (S.D.N.Y. Apr. 24, 2013); *Reed v. Pfizer Inc.*, 839 F. Supp.2d 571 (E.D.N.Y. March 14, 2012); *Am. Guarantee & Liab. Ins. Co. v. Cirrus Design Corp.*, No. 09-cv-8537, 2010 WL 5480775, at *3 (S.D.N.Y. Dec. 30, 2010); *Gelber v. Stryker Corp.*, 752 F. Supp.2d 328 (S.D.N.Y. Sept. 14, 2010); *Ilarraza v. Medtronic, Inc.*, 677 F. Supp.2d 582 (E.D.N.Y. Dec. 28, 2009); *Lewis v. Abbott Laboratories*, No. 08-cv-7480(SCR)(GAY), 2009 WL 2231701 (S.D.N.Y. July 24, 2009); *Horowitz v. Stryker Corp.*, 613 F. Supp.2d 271 (E.D.N.Y. Feb. 20, 2009).